```
 1  RON BENDER (SBN 143364)
    DAVID B. GOLUBCHIK (SBN 185520)
 2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
    1801 Avenue of the Stars, Suite 1120
 3  Los Angeles, California 90067
    Telephone:  (310) 229-1234
 4  Facsimile:  (310) 229-1244
 5
    Attorneys for Chapter 11
 6  Debtors and Debtors in Possession
```

FILED
DEC 12 2002
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY             Deputy Clerk

ENTERED
DEC 12 2002
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY             Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>CHORUS LINE CORPORATION,<br><br>Debtor. | Case No.: LA 00-41578-ER<br>(CHORUS LINE CORPORATION)<br><br>Case No. LA 00-44669-ER<br>(CALIFORNIA FASHION INDUSTRIES, INC.)<br><br>Chapter 11<br><br>(Substantively Consolidated Under Case No. LA 00-41578-ER) |
| In re:<br><br>CALIFORNIA FASHION INDUSTRIES, INC.,<br><br>Debtor. | **ORDER GRANTING:** DEBTORS' MOTION FOR ORDER (1) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; AND (2) WAIVING THE TEN-DAY STAY REQUIREMENT OF BANKRUPTCY RULE 6004(g) |
| ___ Affects Chorus Line Corporation only<br><br>___ Affects California Fashion Industries, Inc. Only<br><br>_X_ Affects Both Cases | Hearing:<br>Date:   December 12, 2002<br>Time:   10:00 a.m.<br>Place:  Courtroom 1568<br>        255 E. Temple St.<br>        Los Angeles, CA |

Ver 5C

268

AT LOS ANGELES, CALIFORNIA, IN THIS DISTRICT, ON THE ___ DAY OF DECEMBER, 2002.

Chorus Line Corporation and California Fashion Industries, Inc., debtors and debtors in possession in this substantively consolidated chapter 11 case (collectively, the "Debtors"), having filed and served the DEBTORS' MOTION FOR ORDER (1) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; AND (2) WAIVING THE TEN-DAY STAY REQUIREMENT OF BANKRUPTCY RULE 6004(g) (the "Motion"); Debtors having given notice of the relief requested by the Motion and the hearing thereon; Carole Little and Leonard Rabinowitz (the "CL Parties") having filed an opposition to the Motion (the "Opposition"); Debtors having filed a Reply to the Opposition (the "Reply"); based upon the foregoing, a hearing was held on the 12th day of December, 2002, at the hour of 10:00 a.m., before the undersigned Bankruptcy Judge, in his Courtroom 1568, Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012, at which the appearances were stated on the record.

The Court having considered the record and proceedings in this substantively consolidated chapter 11 case, the Motion and matters proffered in support thereof, the Opposition and matters proffered in support thereof, the Reply, the arguments, representations and stipulations made at the hearing, and it appearing, and the Court having found and concluded that

Ver. 5C

(1) this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider the Motion and to grant the relief requested thereby; (2) the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O); (3) the statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105 and 363, and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure; (4) the relief requested by the Motion is within the exercise of the sound business judgment of the Debtors; (5) the proposed sale (the "Sale") of the Marks, as defined in the Motion and Trademark Purchase Agreement (the "Agreement"), which Agreement is annexed as Exhibit B to the Declaration of Robert Ezra filed in support of the Motion[1], and the Trademark Related Assets[2], as defined in the Motion and the Agreement, is the product of an extensive and arms-length effort to maximize the value thereof for the benefit of this chapter 11 estate; (6) the consideration to be paid by Cherokee Inc. (the "Buyer") in connection with the Sale and for the Marks and the Trademark Related Assets is fair, reasonable and appropriate; (7) a full and fair opportunity to submit higher or better offers for the Marks and the Trademark Related Assets was provided; (8) the

---

[1]  Pursuant to Paragraph 1.1.1. of the Trademark Purchase Agreement and Schedule 1.1.1. attached thereto, the Marks consist of "All trademarks, trade names, service marks and domain names of [Debtors], both domestic and foreign, registered and unregistered, together with the goodwill attendant thereto." The Agreement specifies that Marks include, but are not limited to, the names *Carole Little, St. Tropez, All That Jazz, Chorus Line, Molly Malloy, Tickets, Carole Little II, Street Wear Carole Little CL, Carole Little Works For You, CL, Cl II, Carolita, Caol Little/St. Tropez West.*

[2]  Pursuant to the Agreement, the Trademark Related Assets include, without limitation, historical marketing materials, customer lists, prior advertising materials, samples of labels, tags, packaging, and license payment histories in [Debtors'] possession related to the Marks.

Court has determined that the highest or best offer for the Marks and the Trademark Related Assets was submitted by the Buyer, and (9) based upon the commencement by the Debtors of an adversary proceeding against the CL Parties and the request for provisional relief incident thereto, and good cause appearing therefor, it is hereby

**ORDERED**, that notice of the Motion, the relief requested thereby and the hearing thereon be and it is hereby determined to be appropriate under the circumstances and as required by sections 102(1) and 363 of the Bankruptcy Code, Rules 2002, 6004, and 9007 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1; and, it is further

**ORDERED**, that the Motion, as herein provided, be and it is hereby approved, and the Debtors, the Creditors' Committee appointed herein by the Office of the United States Trustee, and GMAC Commercial Credit LLC ("GMACCC") be and they are hereby authorized to implement and consummate the Trademark Purchase Agreement, a copy of which is incorporated hereat by reference and attached as Exhibit B to the Declaration of Robert Ezra proffered in support of the Motion, the terms and provisions of such Agreement shall be binding upon all parties in interest herein; and, it is further

1   **ORDERED**, that the Debtors be and they are hereby authorized
2   to sell, transfer, assign and convey the Marks and the Trademark
3   Related Assets to Buyer, free and clear of all liens, claims and
4   encumbrances of every nature and kind whatsoever, including but
5   not limited to the liens and claims of GMACCC and any successor
6   in interest thereof; and, it is further

8
9   **ORDERED**, that all persons and entities holding liens, claims
10  and encumbrances of any kind and nature with respect to the Marks
11  and the Trademark Related Assets hereby are barred from asserting
12  such liens, claims and encumbrances against Buyer, its successors
13  or assigns or the Marks and the Trademark Related Assets; and, it
14  is further

16  **ORDERED**, that upon and after consummation of the Sale,
17  except for enforcement of a final judgment against the CL Parties
18  by a garnishment of Cherokee or the conducting of a third party
19  examination of Cherokee, all parties in interest in this chapter
20  11 case are hereby barred from taking any action to interfere
21  with the use, enjoyment and exploitation of the Marks and the
22  Trademark Related Assets by Buyer, its successors or assigns;
23  and, it is further

26  **ORDERED**, that of the consideration to be paid by Buyer to
27  the Debtor for the Marks and the Trademark Related Assets, the
28  sum of $1,125,000.00, shall be paid directly to GMACCC, and the

sum of $1,125,000.00, shall be paid to the estate of the Debtors in care of, and to be held in trust by, the counsel for the Creditors' Committee, Ezra, Brutzkus & Gubner, LLP; and, it is further

**ORDERED**, that, based upon the totality of the facts and circumstances in respect of the Sale, Buyer be and it is hereby deemed to be an entity that purchased the Marks and the Trademark Related Assets in good faith within the meaning and contemplation of section 363(m) of the Bankruptcy Code, and, therefore, Buyer and the Sale be and are hereby deemed to be entitled to all benefits and protections afforded pursuant to section 363(m) of the Bankruptcy Code; and, it is further

**ORDERED**, that the provisions of Rule 6004(g) of the Federal Rules of Bankruptcy Procedure be and they are hereby waived, the Sale may be consummated forthwith; and it is further

///
///
///
///
///
///
///
///
///

1
2    **ORDERED**, that the Debtors are hereby authorized to lodge
3    with the Court as a separate Order in respect to this Court's
4    ruling on the Debtor's request for injunctive relief as to the CL
5    Parties.
6
     12/12/02
7                                    _____
                                     HONORABLE ERNEST M. ROBLES,
                                     UNITED STATES BANKRUPTCY JUDGE
8

9    Presented By:

10

11   By: _____
         RON BENDER
12       DAVID B. GOLUBCHIK
         LEVENE, NEALE, BENDER,
13       RANKIN & BRILL L.L.P.
         Attorneys for Chapter 11
14       Debtors and Debtors in Possession

15

16   [signature]
17   [signature]
18   OTB for Official Creditor Committee

19
20
21
22
23
24
25
26
27
28

Ver. 5C                              7

PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

On December 12, 2002, I caused to be served the document(s) described as ORDER GRANTING: DEBTORS' MOTION FOR ORDER (1) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; AND (2) WAIVING THE TEN-DAY STAY REQUIREMENT OF BANKRUPTCY RULE 6004(g), in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Attnys for Debtor
Ron Bender, Esq.
David B. Golubchik, Esq.
Levene, Neale, Bender, Rankin & Brill LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067

Attnys for Official Committee of Unsecured Creditors
Robert Ezra, Esq.
Steven T. Gubner, Esq.
Ezra Brutzkus Gubner, LLP
16830 Ventura Blvd., Suite 411
Encino, CA 91436

Office of the Unites States Trustee
725 S. Figueroa Street
26th Floor
Los Angeles, CA 90012

Chorus Line/Cal. Fashion Ch 11 Debtors
Steve Hartman
Levine Leichtman Capital Partners,Inc.
335 N. Maple Dr., Suite 240
Beverly Hills, CA 90210

Attnys for Leonard Rabinowitz
John Shaeffer, Esq.
O'Donnell & Shaeffer
633 W. 5th Street, 17th Floor
Los Angeles, CA 90071

Attnys for Carole Little Parties
Gregory Mann, Esq.
O'Donnell & Shaeffer
633 W. 5th Street, 17th Floor
Los Angeles, CA 90071

Richard Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10168-0075

David Stern, Esq.
Klee Tuchin Bogdanoff & Stern
1880 Century Park East, #200
Los Angeles, CA 90067

[ X ]   (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. (Please see attached service list)

[ ]   (BY FAX) At or about _:__ _.m., I transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the offices of the addressee.

[ ]   (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on December 12, 2002, at Los Angeles, California.

[ X ]   (STATE)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Billie Terry

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re<br>CHORUS LINE CORPORATION,<br>CALIFORNIA FASHION INDUSTRIES, INC., | Debtor.<br>Debtor. | CHAPTER  11<br>LA 00-41578-ER<br>CASE NUMBER: LA 00-44669-ER |
|---|---|---|

# NOTICE OF ENTRY OF JUDGMENT OR ORDER
# AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*:
   ORDER GRANTING: DEBTORS' MOTION FOR ORDER (1) APPROVING THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS; AND (2) WAIVING THE TEN-DAY STAY REQUIREMENT OF BANKRUPTCY RULE 6004(g)

   was entered on *(specify date)*:   DEC 1 2 2002

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date):   DEC 1 2 2002

Dated:   DEC 1 2 2002

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _Carnestine Walter_
   **Deputy Clerk**

---

Rev. 1/01  This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.   **F 9021-1.1**

## SERVICE LIST

Attnys for Debtor
Ron Bender, Esq.
David B. Golubchik, Esq.
Levene, Neale, Bender, Rankin & Brill LLP
1801 Avenue of the Stars, Suite 1120
Los Angeles, CA 90067

Chorus Line/Cal. Fashion Ch 11 Debtors
Steve Hartman
Levine Leichtman Capital Partners,Inc.
335 N. Maple Dr., Suite 240
Beverly Hills, CA 90210


Richard Haddad, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10168-0075

Attnys for Official Committee of Unsecured Creditors
Robert Ezra, Esq.
Steven T. Gubner, Esq.
Ezra Brutzkus Gubner, LLP
16830 Ventura Blvd., Suite 411
Encino, CA 91436

Attnys for Leonard Rabinowitz
John Shaeffer, Esq.
O'Donnell & Shaeffer
633 W. 5th Street, 17th Floor
Los Angeles, CA 90071


David Stern, Esq.
Klee Tuchin Bogdanoff & Stern
1880 Century Park East, #200
Los Angeles, CA 90067

Office of the Unites States Trustee
725 S. Figueroa Street
26th Floor
Los Angeles, CA 90012


Attnys for Carole Little Parties
Gregory Mann, Esq.
O'Donnell & Shaeffer
633 W. 5th Street, 17th Floor
Los Angeles, CA 90071

Attnys for Cherokee Inc.
Steven M. Spector P.C.
Jeffer, Mangels, Butler & Marmaro LLP
1900 Ave of the Stars, 7th Floor
Los Angeles, CA 90067